## J. M. WELLS ET AL. v. AMES IRON WORKS.

### (No. 5374.)

ERROR from Caldwell County.  Opinion by WILLSON, J.

NIX, STOREY & STOREY, counsel for plaintiffs in error.

M. R. STRINGFELLOW, counsel for defendant in error.

§ 296. *Citation; when without seal will not support judgment by default.*    Defendant in error instituted this suit in the county court to recover from plaintiff in error Wells certain personal property, which property was seized under a writ of sequestration issued in said suit at the instance of defendant in error.  Wells replevied said property, the other plaintiffs in error being sureties upon his replevy bond.  What purports to be a citation was issued in said suit and served upon the defendant Wells in due time, and a judgment by default was thereafter rendered against him and his said sureties on said replevy bond.  The paper purporting to be a citation which was served upon Wells was not authenticated by the seal

of the court. *Held:* It was not a valid citation, and service thereof did not warrant the judgment by default. [2 W. Con. Rep. § 503.]

§ 297. *Appearance; what constitutes.* It is contended for defendant in error that plaintiff in error, Wells, cured this defective citation, and brought himself within the jurisdiction of the court by an appearance in said suit. The facts which are claimed to constitute such appearance are: that he executed said replevy bond; that he employed attorneys to defend said suit, and that said attorneys accepted service of a certain notice in said cause and waived the filing of certain record evidence to be used on the trial of said cause. *Held:* Article 1241, Revised Statutes, provides: "The defendant may in person, or by attorney, or by his duly authorized agent, enter an appearance in open court, and such appearance shall be noted by the judge upon his docket and entered in the minutes, and shall have the same force and effect as if citation had been duly issued and served as provided by law." It is not pretended that such an appearance was entered in this suit. By article 1245, Revised Statutes, it is provided that no judgment shall, in any case, be rendered against any defendant, unless upon service or acceptance or waiver of process, or upon an appearance by the defendant as prescribed by the statute, except where otherwise expressly provided by law. There having been no such appearance as is prescribed by law, the defective citation was not cured, and the judgment by default was unauthorized.

May 14, 1887.          Reversed and remanded.